JACOBUS BROTHERS & CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24498. Promulgated July 31, 1929.

*Hugh Satterlee, Esq., I. Herman Sher, Esq.,* and *Henry F. Wolff, Esq.,* for the petitioner.

*John E. Marshall, Esq.,* for the respondent.

38

## OPINION.

Morris: Petitioner's contention in regard to the reduction of invested capital by the amount of the compromise settlement is that section 1207 of the Revenue Act of 1926 and article 845 of Regulations 62 relate to adjustments of invested capital for income and profits taxes for the year immediately preceding the taxable year and that no additional income and profits taxes have been established at any time to be due from or payable by the petitioner for any of the years 1917 to 1920, inclusive, and no such additional taxes were paid for said years, the payment of an amount in compromise not being the payment of a tax.

It is difficult to see any distinction in principle between this case and our decision in the *Russel Wheel & Foundry Co.*, 3 B. T. A. 1168, wherein we expressly held that the adjustment of invested capital by reason of income and profits taxes for the preceding years, when made in accordance with the regulations, must be approved. Obviously, the payment which petitioner made precluded the collection of the proposed taxes. It offered a lump sum in accord and satisfaction of any liability for additional taxes which were then due or might subsequently be determined to be due.

It can not be said that we are going behind the terms of the compromise agreement, since we are not concerned with taxes for any one of the years 1917 to 1920, inclusive. Our concern is directed to the determination of whether an amount paid in satisfaction of proposed tax assessments can be included in petitioner's statutory invested capital. The principal distinguishing element between these facts and the majority of tax cases is that petitioner was able to settle the question of its tax liability through the acceptance of an offer in compromise prior to an actual assessment.

No payment in this case was made, because of any contract right or obligation, or because of a judgment, or in satisfaction of damages inflicted, but in order to satisfy the burden or charge imposed on income by the Federal taxing statute. The fact that the proposed taxes had not been reduced to judgment, or that no notice and demand had been made, or that no suit or proceeding had been initiated to collect the proposed taxes, can not alter the fact that the $95,000 was paid in satisfaction of a statutory tax liability. No other reason can be advanced for the payment of this $95,000 than the satisfaction of the proposed tax assessments. Whether the amount paid completely discharged the burden imposed by the taxing statute for each of the years 1917 to 1920, is immaterial, since the respondent, with the advice and consent of the Secretary of the Treasury, had the authority to accept an offer in compromise. Had there been proof that the true additional tax liability was less than the amount of the compromise payment, an interesting question would have arisen as to the extent of the reduction of invested capital for the taxable year in question, but no such showing was made. The petitioner's offer in compromise was accepted, and thereby whatever tax liability that might or might not have been ultimately determined was eliminated from further consideration. This amount was actually paid out in settlement of a tax liability and, regardless of bookkeeping entries, surplus should be reduced in the amount of such payment.

Nor do we think that the time element is material. Invested capital is a creature of the statutes, and as errors made in reporting income for prior years are corrected, it necessarily follows that these corrections are often reflected by adjustments to invested capital for subsequent years. The true tax liability for any particular year or any amount paid in satisfaction thereof, even though discovered or paid in later years, must be reflected in an adjustment to invested capital for the next succeeding taxable year. See section 1207 of the Revenue Act of 1926 and article 845 of Regulations 62.

The second issue raises the question whether petitioner is entitled to special assessment for the reason that the respondent is unable to determine its invested capital. The argument advanced is that, since the respondent has held the companies were not entitled to affiliation for 1921, and since the $95,000 compromise payment was for the affiliated group, and because of the nature of the compromise agreement, there is no basis upon which a division of the $95,000 may be made among the three companies.

The $95,000 was paid in compromise of proposed tax liabilities. We are not satisfied that a division of this payment could not be made either on the basis of an agreement between the companies

or upon the basis of net income. We are of the opinion the petitioner has failed to sustain the burden of showing that invested capital can not be determined. It is, therefore, not entitled to have its tax computed under section 328 of the Revenue Act of 1921.

*Judgment will be entered for the respondent.*